IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**DODRIQUEZ O. WEARY**                                              **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 2:07cv3KS-MTP**

**SAILORMAN, INC., d/b/a**
**POPEYE'S CHICKEN #76**                                           **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's Motion to Set Aside Default Judgment **[#16]**. The Court having reviewed the motion, the response, the briefs of counsel for the parties, the pleadings and exhibits on file, the authorities cited and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted. The court finds specifically as follows;

## FACTUAL BACKGROUND

The plaintiff filed his original Complaint on January 4, 2007, for personal injuries arising out of an incident which occurred on the defendant's premises in Columbia, Mississippi. The Complaint was served on the defendant by service on CT Corporation System on January 31, 2007, making the defendant's Answer due February 20, 2007, pursuant to Rule 12, Federal Rules of Civil Procedure. When the defendant failed to timely respond, the plaintiff filed a Motion for Default on February 27, 2007. A Clerk's Entry of Default was entered on March 5, 2007, and on March 12, 2007, the plaintiff

filed a Motion for Default Judgment and a Motion for Determination of Damages.

The court entered a Default Judgment against the defendant on March 16, 2007. On March 28, the court conducted a hearing on damages and entered an order on damages on April 6, 2007.  On April 10, 2007, the court entered a final judgment in the amount of $629, 444.35 against the defendant.  The plaintiff forwarded the judgment to the defendant on July 3, 2007, and it was received on July 5.  The next day, on July 6, the defendant filed an Emergency Motion for Stay of Judgment **[#15]**.  On July 13, the defendant filed the instant Motion to Set Aside Default Judgment.

The Default Judgment which was entered on April 10, 2007, is a Final Judgment as between the plaintiff and the defendant.  The defendant had thirty days from that date to attack this judgment by filing a Notice of Appeal.  Fed.R.App.P., Rule 4(a).  This was not done.  The question that now confronts this court is whether or not this Default Judgment may be collaterally attacked.

The defendant has moved to set aside the Default Judgment under Rule 55(c) pursuant to the procedure set forth in Rule 60(b), Fed.R.Civ.P.  The provisions of Rule 60(b) relied on by the defendant provide:

> On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b), Federal Rules of Civil Procedure.

The decision whether to set aside a default judgment rests within the discretion of this court, and review thereof is subject to an abuse of that discretion. *Rogers v. ITT Hartford Life & Accident Co.*, 167 F. 3d 933 (5th Cir. 1999). However, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir.1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989)('Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations.')." *Id.* at 936.

The Fifth Circuit has set forth three factors for the court to consider in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct." *Id.* at 938. However, "[t]hese factors are not 'talismanic.' *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir.1992). A district court may consider other factors . . .." *Id.* at 939. However, if the court finds a willful failure to respond, the inquiry ends and the court is required to make no further findings. *See Dierschke v. O'Cheskey (In re Dierschke)* 975 F.2d 181, 184 (5th c Cir. 1992).

**Culpability of the Defendant**

The defendant admits Weary properly served its registered agent, CT Corporation System ("CT"), with the Summons and Complaint in this case on January 31, 2007. The defendant also admits that on February 1, 2007, it received *via* FedEx

the Summons and Complaint issued in this case from CT.  Sailorman admits that on February 5, 2007, an employee, Ms. Kong, faxed that civil process to Christina Roldan at Gallagher Bassett Services, the third party administrator for Sailorman who was responsible for coordinating liability claims on behalf of Sailorman with its insurer and its lawyers.  After faxing the Summons and Complaint to the attention of Christina Roldan, Ms. Kong states that an electronic fax machine report was generated at Sailorman which showed the fax "was successful."  In truth, this report simply stated that the "result" was "ok".

When the Summons and Complaint were sent to the fax number at Gallagher Basset, it was converted to an email directed to Rick Love.  Love was a claims supervisor with Gallagher Basset whose email account was deactivated when he left the employ of Gallagher Basset in January of 2007, prior to the sending of the process in this case.

However, the fax sent by Kong was actually sent to an intermediary, EasyLink, for conversion from fax to email.  EasyLink was under contract to Gallagher Basset to provide this conversion service.  Gallagher Basset had in place a system which rejected all emails sent to deactivated accounts and sends a notice to the sender that the email is undeliverable.  At the point where an email is rejected because of an invalid user account, EasyLink was supposed to print out a copy of the fax and mail or forward it to the local Gallagher Basset office where the invalid user account had been located.  This was not done and the defendant had no control system in place to track the litigation or to otherwise confirm that Gallagher Basset had received the process and was handling the case properly.  Nothing further was done by the defendant until it received notice of

the default judgment on July 5, 2007.

The Fifth Circuit requires that parties have in place at least minimal internal procedural safeguards to ensure that suit papers are forwarded successfully to the entity responsible for handling them. *See Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir.1975). Failure to provide such minimal safeguards makes the defendant's neglect at least a partial cause of its failure to respond to the suit and places the burden on the defendant to convince the court that its neglect was excusable. *See id. See also, Rogers*, 167 F3d at 939. Once a defendant receives process, it has an obligation to see that the process gets to the proper destination and to ensure that action is being taken to defend or otherwise handle the matter. *See id.* The defendant failed to do that in this case.

It is simply unacceptable for a company to receive process involving personal injury litigation and have no system in place to track the litigation. The defendant has placed its emphasis on explaining to the court how the fax of the suit papers from the defendant to its third party administrator, Gallagher Basset, was lost in transmission. That is well and good. The failure of EasyLink and Gallagher Basset to execute on each's duty to timely transmit and receive documents is a logistical problem certain to lead to other consequences. However, the defendant offers no explanation as to why no employee of Sailorman followed up on the litigation for over five months until final judgment was entered. The court thus concludes that the defendant was certainly culpable in the failure to respond to the plaintiff's Complaint. This is not a finding of willfulness, which would have ended the inquiry. *See Dierschkey, supra.* Instead, the court finds that the defendant's neglect at lest partially caused the failure to respond.

Thus, the court must view other factors to determine if the defendant's conduct was excusable. This requires the court to consider the extent of prejudice to the plaintiff and the merits of the defendant's defense.

**Prejudice to the Plaintiff**

Prejudice to the plaintiff must be real and not illusory and must be plainly demonstrated to the court in order to defeat a motion to set aside a default. Further, "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants their day in court.' *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960). *See also United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985)." *Lacy v. Sitel, Corp.*, 227 f.3d 290, 293 (5th Cir. 2000). Further, "mere delay does not alone constitute prejudice. Rather, 'the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.*

The only proof of prejudice offered by the plaintiff is a broad allegation of a possible loss of evidence by virtue of the fact that the plaintiff's treating physician, Dr. Keith Melancon, has undergone brain surgery for a tumor and might not be available for any future trial. While such a loss of evidence would be very prejudicial to the plaintiff, to the point of causing a denial of the motion to set aside the default, the court finds that

the plaintiff has failed to offer proof sufficient to show that Dr. Melancon would, more likely than not, be unavailable.  The plaintiff has made no other sufficient showing of prejudice, nor does any potential for unfair prejudice appear in the record presently before the court.

**Merits of Sailorman's Defense**

The facts giving rise to the underlying cause of action are hotly disputed. Summarized, it appears that the plaintiff was on the defendant's premises for a birthday party when he and his girlfriend Erica Matthews, an employee of the defendant, were approached by another off-duty employee of defendant, Byron Crockett.  Crockett had allegedly been sexually harassing Matthews and there was a confrontation between the plaintiff and Crockett in the store.  The fight subsided when the defendant's manager intervened.  The parties proceeded outside the store where Crockett retrieved a weapon from his vehicle and shot the plaintiff.

The precise details of who did what and when are, as the court said, hotly contested.  Each party has presented numerous affidavits and statements from witnesses present on the date of the incident as well as police logs of 911 calls and police reports.  Apparently, Crockett has been charged with aggravated assault as a result of this incident and is awaiting trial.  Further, the plaintiff contends that the defendant has taken statements and prepared affidavits of some of the witnesses that differ materially from statements given by those same witnesses shortly after the incident.  The plaintiff also points out that he has offered evidentiary proof of the incident before this court in the hearing to determine damages which was accepted by

the court. In contrast, the defendant asserts that the evidence presented to the court in that hearing is contrary to the true facts of the case.

The facts offered by the defendant, if true, certainly present a meritorious defense. However, without a full trial on the issues before an appropriate trier of fact, the court is left to determine diametrically different versions of the facts. This is not the appropriate forum for such a resolution and supports the Fifth Circuit's numerous admonitions to the trial courts that disputes are best resolved on their merits and not summarily.

Therefore, after considering the equities of the situation, enlightened by the facts presented and the law, the court concludes that the default judgment entered by this court, culminating in the Final Judgment of April 10, 2007, should be set aside and this case placed back on the court's active docket for resolution.

IT IS THEREFORE ORDERED AND ADJUDGED that defendant's Motion to Set Aside Default Judgment **[#16]** is Granted; that this case is placed back on the court's active docket for resolution; that the defendant's Emergency Motion for Stay of Judgment **[#15]** is denied as moot; and that the parties shall contact the Magistrate Judge withing ten days of the this order for the entry of a new Case Management Order.

SO ORDERED AND ADJUDGED this the 29th day of November, 2007.

_____
*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE