**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DODRIQUEZ O. WEARY**                                            **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:07cv3KS-MTP**

**SAILORMAN, INC., d/b/a**
**POPEYE'S CHICKEN #76**                                        **DEFENDANT**

**ORDER**

This matter is before the court on the plaintiff's Motion for Reconsideration of

Order Granting Motion to Set Aside Default Judgment **[#34]**.  The court having

reviewed the motion, the response, the briefs of counsel for the parties, the pleadings

and exhibits on file, the authorities cited and being otherwise fully advised in the

premises, finds that the motion is well taken and should be granted.  The court finds

specifically as follows;

On November 30, 2007, this court entered an Order granting the defendant's

Motion to Set Aside Default Judgment.  In that order, the court found the defendant's

conduct to be culpable and unacceptable, but concluded that the plaintiff had suffered

no prejudice after finding that Sailorman had asserted a *prima facie* meritorious

defense.  Based on this court's finding of "unacceptable" conduct on the part of the

defendant and the alleged additional expense the plaintiff incurred as a result of the

defendant's failure to timely defend this action, the plaintiff has moved the court to

reconsider its Order and condition the setting aside of Sailorman's default on the

reimbursement of attorney's fees incurred by the plaintiff in pursuing and defending the

default judgment.

The defendant concedes that the conditioning of the setting aside of a default judgment on the payment of attorneys fees to the non-defaulting party is a matter within the court's discretion. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Lousiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986)) (referring to *Wokan v. Alladin Int'l, Inc.*, 485 F.2d 1232, 1234 (3d Cir. 1973); *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C.Cir. 1966)); *Stelax Industries, LTD v. Donahue*, 2004 WL 733844, *11 (N.D.Tex. March 24, 2004); *St. Claire v. Ensurelink*, 2001 WL 1568749, *3 (N.D.Tex. December 5, 2001).and *Forte v. East Harlem Block Schools, Inc.*, 1993 WL 7577, at *4 (S.D.N.Y. Jan. 7, 1993).

However, the defendant argues that conditioning the setting aside of the default judgment upon the payment of the plaintiff's attorneys fees would be inappropriate in this case in light of the alleged material misrepresentations that the plaintiff made to the court which formed the basis of the court's Order on Motion for Determination of Damages entered on April 6, 2007. Sailorman bases this argument on two fronts.

First, Sailorman claims that the plaintiff misrepresented to the court that the police had not been called until Mr. Weary had been shot. Sailorman makes this claim based on the Columbia Police Department "Radio Log." The plaintiff does not dispute what the log currently states, however, he insists that despite a subpoena duces tecum to the Columbia Police Department, he had not obtained the radio log before the hearing on determination of damages. To the contrary, the plaintiff asserts that he did

-2-

have the narrative report of Major John Wayne Tolar, which provided that "On July 6, 2005 at 17:21 hours, the Columbian Police Department responded to a 911 call of a shooting at Popeye's chicken on the Hwy 98 Bypass in Columbia, Mississippi." This report was part of plaintiff's Exhibit 11 entered into evidence at the hearing on determination of damages. Thus, the plaintiff argues that to imply that he intentionally misrepresented facts to the court regarding the 911 call is disingenuous.

Next, Sailorman argues that the plaintiff misrepresented to the court that the genesis of the assault on Mr. Weary was Erica Matthews' sexual harassment complaint. The plaintiff admits that a written complaint was not filed until approximately two weeks after Mr. Weary was shot, but he points out that Ms. Matthews had complained to Popeye's regional management of the sexual harassment of Byron Crockett prior to his shooting of Fred Weary. Further, the plaintiff contends that there is no dispute that the assault arose out of the alleged sexual harassment of Ms. Matthews by Byron Crockett.

In its order setting aside the default judgment, this court found that "It is simply unacceptable for a company to receive process involving personal injury litigation and have no system in place to track the litigation." While finding that the defendant's conduct was not wilful, the court concluded "that the defendant was certainly culpable in the failure to respond to the plaintiff's Complaint." Thus, based on these findings, and a thorough review of the authorities cited, the court concludes that the plaintiff is entitled to have the order granting the setting aside of the default amended to include an award of attorney fees.

In the event the court finds as it has, the defendant has requested that the plaintiff only be awarded fees for defending the default judgment and not in procuring it

-3-

based on the alleged misrepresentations set forth above.  The court finds that the plaintiff, while perhaps presenting facts in procuring the default judgment which now prove to be incorrect or at least subject to differing interpretations, made no intentional misrepresentations to the court to justify a denial of fees for obtaining the default judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's Motion for Reconsideration of the Order Granting Motion to Set Aside Default Judgment **[#34]** is granted and the said Order **[#30]** is amended to condition the setting aside of the default judgment on the payment of attorney fees by the defendant to the plaintiff incurred in procuring and defending the default judgment which the court set aside.

IT IS FURTHER ORDERED AND ADJUDGED that Counsel are directed to confer for the purpose of reaching agreement, if possible, on the amount of attorneys' fees the plaintiff incurred in seeking and defending the default judgment.  If agreement cannot be reached on or before February 14, 2008, the plaintiff shall submit an affidavit and supporting documentation setting forth in detail such costs and fees, after which the court will enter appropriate orders.

SO ORDERED AND ADJUDGED this the 4th day of February, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE


_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE